# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5338-17T2
       A-5553-17T2

IN THE MATTER OF THE
COMMITMENT OF A.B.

_____

IN THE MATTER OF THE
COMMITMENT OF C.Y.

_____

Submitted May 21, 2019 – Decided June 19, 2019

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. CASC-656-18; and Gloucester County, Docket No. GLCC-356-18.

Joseph E. Krakora, Public Defender, attorney for appellants A.B. and C.Y. (Lorraine Hunter Hoilien, Deputy Public Defender, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Department of Human Services, Division of Mental Health and Addiction Services (Melissa H. Raska, Assistant Attorney General, of counsel; Patrick Jhoo, Deputy Attorney General, on the brief, in Docket No. A-5338-17[1]).

---

[1] No brief was filed on the State's behalf in A-5553-17.

PER CURIAM

These two appeals, which we consolidate for resolution by way of a single opinion, are similar to each other and similar to others recently decided. See In re Commitment of C.M., __ N.J. Super. __ (App. Div. 2019).

Briefly, A.B. was brought to Cooper Hospital in Camden on May 12, 2018. He was screened and involuntarily kept in the hospital until evaluated by a psychiatrist on May 16, 2018; a temporary commitment order was entered the following day. A.B.'s attorney moved to vacate the temporary order on June 5, 2018, arguing the temporary commitment order was entered beyond the time permitted by law. A.B. was discharged the day after the motion was filed, so the State argued in response that the motion had been rendered moot. The judge agreed; he did not reach the merits and instead denied A.B.'s motion as moot.

C.Y. was brought to an emergency room on June 8, 2018, and then screened but held involuntarily until evaluated. The first psychiatrist evaluated C.Y. on June 12, 2018, and a second two days later. A temporary order of commitment was entered on June 14, 2018. C.Y. was discharged on June 20, and a motion was filed on C.Y.'s behalf a few days later. That motion was denied as moot.

In appealing, A.B. and C.Y. present the same arguments we considered in C.M.  We need not repeat what we said on that earlier occasion.  The orders under review here are vacated and the matters remanded.  As in C.M., we retain jurisdiction "to consider – on an expedited basis – any appeal that may be filed by an aggrieved party following the trial court's entry of orders that finally dispose of appellants' motions to vacate on their merits."  __ N.J. Super. at __ (slip op. at 9).

Vacated and remanded.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION